UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24546-CIV-MOORE/McALILEY

MARJAN MAZZA, on behalf of herself and the
UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MIAMI-DADE COUNTY and
MIAMI-DADE TRANSIT DEPARTMENT,

    Defendants.
_____/

## JOINT STIPULATION OF DISMISSAL

Pursuant to FED. R. CIV. P. 41(a)(1)(A), relator Marjan Mazza (the "Relator") and defendants Miami Dade County and Miami Dade Transit (collectively "MDC") hereby file this voluntary stipulation of dismissal, subject to the following terms and conditions:

1. Relator Marjan Mazza and MDC have executed a written settlement agreement ("Agreement") in compromise and settlement of the Relator's claims against MDC. A copy of the Agreement is attached hereto as Exhibit A. This Joint Stipulation of Dismissal is consistent with the terms of the Agreement.

2. The Relator voluntarily dismisses, with prejudice, the claims asserted by Relator in this action on behalf of the United States and against MDC for the Covered Conduct, as defined in the Agreement.

3. Relator voluntarily dismisses, with prejudice, all other False Claims Act claims against MDC as described in the Agreement, provided, however, that such dismissal shall be without prejudice as to the United States.

4. Relator voluntarily dismisses, with prejudice, all other claims against MDC as described in the Agreement.

5. The Court will retain jurisdiction over the parties to the extent necessary to enforce the terms and conditions of the Agreement.

6. A proposed Order accompanies this Joint Stipulation of Dismissal.

Respectfully submitted,

**RELATOR**

BY: s/ Michael R. Josephs
Michael R. Josephs
Adam Charles Josephs
The Josephs Law Firm
255 Alhambra Circle, Suite 700
Coral Gables, Florida 33134
Counsel for Plaintiff Marjan Mazza
mrj@florida-attorneys.com
tjn@florida-attorneys.com

Raphael Katz
Robert Sadowski
James D. McCarthty
Diamond McCarthy LLP
620 8th Avenue
39th Floor
New York Times Building
New York, New York 10018
RKatz@diamondmccarthy.com

**DEFENDANTS**

R. A. Cuevas, Jr.
MIAMI-DADE COUNTY ATTORNEY

By: s/ Oren Rosenthal
Oren Rosenthal
Hugo Benitez
Christopher A. Angell
Assistant County Attorneys

2

Florida Bar No. 86320, 0129607, 0563307
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, Florida  33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5634
Email: orosent@miamidade.gov

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Agreement") is entered into among Miami-Dade County, Florida, and Miami-Dade Transit (hereinafter collectively "Miami-Dade County") and Marjan Mazza (hereinafter "Marjan Mazza" or "Relator") (hereafter collectively referred to as "the Parties") with respect to: (1) such *qui tam* claims as Relator has pled on behalf of the United States of America against Miami-Dade County in the matter entitled *Marjan Mazza, on behalf of the United States Of America, Plaintiff/Relator v. Miami-Dade County, Miami-Dade Transit Department, Defendants*, Case No.: 1:10-cv-24546-MOORE/McALILEY (S.D. Fla.) (hereinafter the "Civil Action"); and (2) such retaliation claims she has pled, on her own behalf, in the same matter. The parties expressly agree and understand that the provisions of this agreement and the obligations contained herein are conditioned upon the written consent of the United States to the dismissal of the Covered Conduct, with prejudice as to the United States, as set forth in paragraph 14 below.

## RECITALS

A.  Miami-Dade Transit is the fifteenth-largest public transit system in the United States and the largest system in the State of Florida. Miami-Dade Transit is one of the largest departments in Miami-Dade Government with over 3,200 fulltime employees and is responsible for planning and providing all public transit services in Miami-Dade County. This integrated transportation system consists of four major components: the Metrobus fleet, Metrorail, Metromover, and Special Transportation Services. Miami-Dade Transit provides over 335,000 weekday boardings on Metrobus, Metrorail,

Metromover, and Special Transportation Services. In order to provide and maintain these services Miami-Dade County relies heavily on the United States for grant funding.

B. On December 10, 2010, Marjan Mazza filed the Civil Action pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) and pursuant to 31 U.S.C. § 3730(h) alleging that from 2004 through 2010, Miami-Dade County misappropriated federal grant funds, failed to have federally required language in its procurement contracts as required for federal reimbursement, included prohibited language in its procurement contracts for which Miami-Dade County improperly sought reimbursement, failed to have a Force Account in place as required for preventative maintenance reimbursement from federal funds, and falsely certified to the United States that it was in compliance with the requisite guidelines before drawing down federal grant money. Marjan Mazza further alleges that Miami-Dade County wrongfully terminated her employment in retaliation for her involvement as a whistleblower. Miami-Dade County denies the Relator's allegations in the Civil Action.

C. Covered Conduct: The Covered Conduct is defined as follows:

    a. During the time period January 1, 2004 through December 31, 2010, Miami-Dade County improperly drew-down and applied grants funds received from the Federal Transit Administration (FTA) to contracts for goods and/or services that were ineligible to receive FTA funding

because they did not comply with the requirements of the Buy America Act and/or the Davis-Bacon Act.

    b. During the time period January 1, 2004 through December 31, 2010, Miami-Dade County incorrectly drew-down and applied grants funds received from the Federal Transit Administration (FTA) to contracts for goods and/or services that were ineligible to receive FTA funding due to an improper index code switch either independently or in combination with the conduct identified in subsection a above.

    c. During the time period January 1, 2004 through December 31, 2010, Miami-Dade County improperly applied User Access Program/Inspector General Fees to contracts that were paid for with FTA grant funds in violation of FTA regulations.

D.   Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of the amounts payable to the United States government under this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

E.   Relator also claims damages as well as interest and her reasonable attorney's fees and litigation costs for the discharge of Relator from Miami-Dade County employment which Relator claims to be retaliatory in nature and in violation of 31 U.S.C. § 3730(h).

F.   This Settlement Agreement is neither an admission of liability by Miami-Dade County nor a concession by Relator that the claims are not well founded.

3

//

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. No later than thirty (30) days after the Effective Date of this Agreement, Miami-Dade County shall pay to the United States $6,038,767.90 ("Settlement Amount") by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the Southern District of Florida.

2. Conditioned upon the United States receiving the Settlement Amount from Miami-Dade County and as soon as feasible after receipt, the United States shall pay $1,393,561.90 to Relator by electronic funds transfer.

3. No later than five (5) days after the Effective Date of this Agreement, the Relator is to provide Miami-Dade County with an executed W-9 Form and the information for payment to the Trust Account of Relator's Attorney. No later than thirty (30) days from the receipt of the executed W-9 Form and the Trust Account information, Miami-Dade County shall pay the Trust Account of Relator's Attorney for Relator's expenses, and attorney's fees and costs, and for the Relator's wrongful termination claims under subsection 3730(h) as follows. Any such payments to Relator will be made subject to such MICA, FICA and federal withholding as is required by law.

    a. Miami-Dade County shall pay Marjan Mazza $650,000.00 in back pay and an additional $750,000.00 in future pay (the "Future Pay")

as part of the settlement of her wrongful termination claim. Miami-Dade County shall pay Marjan Mazza an additional sum of $264,106.05 as part of the settlement for her wrongful termination claim, representing compensation for pain and suffering resulting therefrom.

b. Miami-Dade County shall pay to Marjan Mazza's counsel a total of $2,250,000.00 in attorneys' costs, fees, and expenses.

c. In addition to the monetary terms set forth in this paragraph, Miami-Dade shall modify the personnel file of Marjan Mazza so as to clearly indicate that Miami-Dade County has offered her an executive position, and would rehire her, but that Marjan Mazza has decided not to seek re-employment with Miami-Dade County. Should Marjan Mazza decide to seek re-employment with Miami-Dade County in the future, the terms of that employment to be negotiated would include the amount, if any, of her Future Pay to be returned to Miami-Dade County to avoid any duplicate compensation during the new employment.

4. The Relator, in her individual capacity, further agrees for herself and for her heirs, successors, attorneys, agents, and assigns, to release, acquit and forever discharge Miami-Dade County, and its agents, servants, employees, successors, heirs, executors, administrators and all other persons, firms, corporation, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service,

expenses and compensation whatsoever, which the undersigned now has or which may hereafter accrue as a result of the specifically described allegations contained in the Amended Complaint the Civil Action and for any and all acts or omissions of Miami-Dade County which occurred or which the Relator may claim to have occurred prior to the execution of this agreement, including but not limited to, any violation of 31 U.S.C. § 3729-3733, Title VII of the Civil Rights Act of 1866, 1870, 1871, 1964, and 1991, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), the Family Medical Leave Act (FMLA), the Florida Civil Rights Act (FCRA), and any other rights under Federal, State, or local laws prohibiting any form of false claim, fraud, harassment, intimidation, discrimination or bias, retaliation or bias, or any violation of civil rights, wrongful discharge or termination, or any other type of claims arising out of, allegedly arising out of, or in any way related to, the employment relationship between Relator and Miami-Dade County.

5. The waiver in paragraph 4 includes, but is not limited to, any rights under the Miami-Dade County Code, Personnel Rules, Administrative Orders or any union contract; any rights to insurance coverage (or cash payments in lieu of such coverage) under any Miami-Dade County program; and any rights Relator may have against Miami-Dade County for violation of her rights as an employee of Miami-Dade County through the date of this settlement agreement. The waiver in paragraph 4 specifically does not include any

waiver of retirement or pension benefits to which Marjan Mazza might otherwise be entitled to by law or County rule of policies.

6. Relator agrees not to bring any suit, claim, demand, action, or litigation in any forum or court, whether administrative, judicial, or quasi-judicial, State or Federal, on any issue or matter or cause arising or allegedly arising out of her employment claim with Miami-Dade County. The term "arising out of" as used in this Agreement shall mean cause by, originating from, having its origin in, growing out of, flowing from, incident to, related to, or having a connection with.

7. Miami-Dade County's right to assert as a defense in a later action brought by the Relator the waiver of claims and other rights in paragraphs 4 through 7 of this Agreement shall not be subject to waiver or any other equitable defenses.

8. Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Relator and the United States shall execute the Relator's Share Agreement attached hereto at Attachment A. Conditioned upon the execution of that agreement and Relator's receipt of the payment described in Paragraph 2, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from asserting any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claim to of the proceeds of this Agreement and/or the Civil Action.

9. Relator, for herself, and for her heirs, successors, attorneys, agents, and assigns, releases Miami-Dade County, and its officials, officers, agents, and employees, from any liability to Relator arising from the filing of the Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorney's fees and costs. These releases, as well as the waivers and covenants not to sue set forth in paragraphs 4-6 above, shall become effective once Miami-Dade County has made the payment required in paragraph 1 to the United States and the payments required in paragraph 3 to Marjan Mazza and her attorney's respectively.

10. Miami-Dade County waives and shall not assert any defenses Miami-Dade County may have to any criminal prosecution relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

11. Miami-Dade County fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Miami-Dade County has asserted, could have asserted, or may assert in

the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation thereof.

12. For the purposes of this agreement, the term "Unallowable Costs" has the following meaning:

   a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Miami-Dade County, and its present or former officers, directors, employees, shareholders, and agents in connection with:

   (1) the matters covered by this Agreement;

   (2) the United States' audits and civil and any criminal investigations of the matters covered by this Agreement;

   (3) Miami-Dade County's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigations in connection with the matters covered by this Agreement (including attorney's fees);

   (4) the negotiation and performance of this Agreement;

   (5) the payment Miami-Dade County makes to the United States pursuant to this Agreement and any payments that Miami-Dade County may make to Relator, including costs and attorneys' fees, are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Miami-Dade County, and Miami-Dade County shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Miami-Dade County shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Miami-Dade County or any of its subsidiaries or affiliates from the United States. Miami-Dade County agrees that the United States, at a minimum, shall be entitled to recoup from Miami-Dade County any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States reserves its rights to disagree with any calculations submitted by Miami Dade County or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Miami Dade County or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports. Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Miami Dade County's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

13. This Agreement is intended to be for the benefit of the Parties and the United States, and no other persons.

14. Upon receipt of the payment described in Paragraph 1 and 3 above, Miami-Dade County and Relator shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Federal Rule of Civil Procedure 41(a)(1). The Proposed Order accompanying the Joint Stipulation of Dismissal should provide that dismissal against the United States is with prejudice as to the Covered Conduct, described above, and without prejudice as to all other claims asserted by relator. The Joint Stipulation of Dismissal should provide that dismissal against the relator is with prejudice. The United States will contemporaneously file a Notice of Consent to the Voluntary Dismissal of the Covered Conduct with Prejudice as to the United States.

15. Except as stated above, each Party shall bear its own legal and other costs incurred in connection with this matter, including those incurred in connection with the preparation and performance of this Agreement.

16. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion, and with the benefit of advice and representation of counsel.

17. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Southern District of Florida. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

18. This Agreement constitutes the complete agreement between the Parties as to the subjects addressed herein. This Agreement may not be amended except by written consent of the Parties.

19. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

20. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

21. This Agreement is binding on Miami-Dade County's successors, transferees, heirs, and assigns.

22. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

23. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

24. All parties consent to Miami-Dade County's disclosure of this Agreement, and information about this Agreement, to the public.

25. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

MIAMI-DADE COUNTY and MIAMI-DADE TRANSIT

DATED: 4-2-15

BY: _____
Carlos A. Gimenez
Mayor

Miami-Dade County

Approved as to form and legal sufficiency:

BY: _____
Hugo Benitez
Email: heb2@miamidade.gov

BY: _____
Oren Rosenthal
Email: orosent@miamidade.gov

BY: _____
Christopher A. Angell
Email: Angellc@miamidade.gov
Assistant County Attorneys
Fla. Bar No. 463965, 86320, 563307
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: 305.375.5151
Facsimile: 305.375.5634

13

21

MARJAN MAZZA

DATED: 3/20/2015   BY: _____
                       Marjan Mazza

DATED: 3-24-15   BY: _____
                     Michael R. Josephs
                     Fla. Bar Number: 119242
                     Email: mrj@florida-attorneys.com

                 BY: _____
                     Adam. C. Josephs
                     Fla. Bar Number: 050895
                     Email: acj@florida-attorneys.com
                     THE JOSEPHS LAW FIRM
                     255 Alhambra Circle, Suite 700
                     Coral Gables, FL 33134
                     Telephone: 305.445.3800
                     Fax: 305.448.5800

                     James D. McCarthy
                     Email: jmccarthy@diamondmccarthy.com
                     Arley D. ("Trip") Finley, III
                     Email: tfinley@diamondmccarthy.com
                     DIAMOND MCCARTHY, LLP
                     1201 Elm Street
                     34th Floor
                     Dallas, TX 75270
                     Telephone: 214.389.5300
                     Fax: 214.389.5399

                     Robert Sadowski
                     Email: rsadowski@sflawgroup.com
                     Raphael Katz
                     Email: rkatz@sflawgroup.com
                     SADOWSKI FISCHER PLLC
                     39 Broadway, Suite 1540
                     New York, NY 10006
                     Telephone: 212.913.9678
                     Fax: 646.502.5357

                     Attorneys for Plaintiff/Relator,
                     Marjan Mazza